IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CR-00123-F-1
No. 7:16-CV-00396-F

| | |
|---|---|
| OSCIEL GARCIA ESTRADA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

This matter is before the court on the Government's Motion to Dismiss [DE-209] Osciel Garcia Estrada's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-205]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED and Estrada's Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On September 28, 2011, Estrada was charged in two counts of a four-count indictment. *See* Indictment [DE-1]. In Count One, Estrada was charged with conspiracy to possess with intent to distribute and distributing five hundred grams or more of cocaine, in violation of 21 U.S.C. § 846. *See id.* Count Two charged Estrada with possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). *See id.*

At his arraignment, held on September 5, 2012, Estrada pled guilty to Count One pursuant to a written plea agreement [DE-63]. Under the terms of the plea agreement, it was agreed that the Government would dismiss Count Two at the time of sentencing. *Id.* at 5.

Estrada's sentencing was held on January 3, 2013, and he was sentenced to 140 months' imprisonment. *See* Judgment [DE-115]. On January 14, 2013, Estrada filed a Notice of Appeal [DE-117]. On August 16, 2013, in an unpublished per curiam opinion, the Fourth Circuit Court of Appeals affirmed Estrada's conviction and dismissed the appeal of his sentence. *See* Fourth Circuit's opinion [DE-156].

On November 23, 2016, Estrada filed the instant *pro se* Motion to Vacate [DE-205]. Estrada's sole claim is that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). On December 19, 2016, the Government filed a Motion to Dismiss [DE-209], arguing that dismissal is warranted because Estrada has failed to state a claim upon which relief can be granted.

## II. Legal Standard

### A. 28 U.S.C. § 2255

Estrada has filed the instant motion pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). With a § 2255 motion, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). When deciding a § 2255 motion, the court need not hold a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). When conducting the § 2255(b) review, *pro se*

2

filings are held to a less stringent standard. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

**B. Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**Estrada is not entitled to relief under *Johnson*.**

In *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause, contained in 18 U.S.C. § 924(e)(2)(B)(ii), violates due process. 135

3

S. Ct. at 2551. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. 1268.

In this case, Estrada was not sentenced as an armed career criminal or a career offender. *See* PSR [DE-105] at 10, ¶ 41. Moreover, Estrada did not receive a sentencing enhancement based on a prior violent felony conviction. Because Estrada is not entitled to relief under *Johnson*, his Motion to Vacate must be denied.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-209] is ALLOWED and Estrada's Motion to Vacate [DE-205] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

4

Case 7:11-cr-00123-FL   Document 212   Filed 01/20/17   Page 4 of 5

This the 20 day of January, 2017.

                                                                       *James C. Fox*
                                                                      JAMES C. FOX
                                                                      Senior United States District Judge